**UNITED STATES of America**

**v.**

**MASSACHUSETTS BAY TRANSPORTA-
TION AUTHORITY.**

**Civ. A. No. 73-782-G.**

United States District Court,
D. Massachusetts.

March 27, 1973.

Terry P. Segal, Asst. U. S. Atty., Boston, Mass., for plaintiff.

Joseph H. Elcock, Boston, Mass., for defendant.

### MEMORANDUM OF DECISION

GARRITY, Jr., District Judge.

This case has been brought by the plaintiff on behalf of the Federal Railroad Administrator, who has been endeavoring to enter the premises of the defendant Bay Transportation Authority, which operates a rapid transit system

in Greater Boston, in order to inspect the equipment and scene of a subway accident on February 6, 1973 resulting in a fire and serious injury to numerous passengers; and to otherwise investigate the accident by interviewing employees of the defendant, inspecting records, etc. Defendant has refused to permit such investigation on the sole ground that its rapid transit system is not subject to the provisions of the Federal Railroad Safety Act of 1970, contending that its operations are governed by other federal and state statutes.

At the hearing on plaintiff's application for a temporary restraining order in this action, the parties agreed that because they are in complete agreement as to the relevant facts and the only issues here are purely legal, the court should rule on the merits without further hearing. After hearing and upon review of the memoranda submitted by the parties and relevant statutes, regulations and legislative history, the court finds for the plaintiff.

The reasons for the court's ruling are (1) as shown by legislative history, the Railroad Safety Act, 45 U.S.C. §§ 421, 431–41, was intended to cover "all those means of rail transportation as are commonly included within the term," 2 U.S. Code Cong. & Admin. News, p. 4114, (1970) and defendant's rail rapid transit service is rail transportation and thus within the jurisdiction of the Federal Railroad Administration; and (2) although the National Transportation Safety Board may in its discretion exercise jurisdiction over accidents such as the one involved here, 14 C.F.R. § 400.44, it has not done so in this instance (see affidavit of William C. Foster, Exh. B to plaintiff's supplemental memorandum), and the Federal Railroad Administration thus is the agency authorized by regulation to proceed with the investigation. 14 C.F.R. §§ 400.43 (c), 400.44(b).

Accordingly an appropriate order and injunction shall issue.